UNITED STATES

v.

**Lieutenant Colonel David A. SHOBER,
203–32–6643 FR, United States
Air Force.**

**ACM 25094.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 26 July 1985.

Decided 21 April 1986.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major Charles E. Ambrose, Jr.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Captain Joseph S. Kistler, Captain Marc Van Nuys, and Captain Robert L. Marconi, USAFR.

Before HODGSON, FORAY and MICHALSKI, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

There is no dispute about the facts in the case before us. The appellant was the manager of the Officers' Open Mess at Wright–Patterson Air Force Base, Ohio. His duties included supervision of civilian employees. This working arrangement developed into a more intimate relationship with one waitress which resulted in them engaging in sexual intercourse at the appellant's BOQ room and in his office at the Officers' Club. During one of their trysts the appellant took, with her consent, nude photographs of his partner which he later gave to her. There is a suggestion in the record that the appellant may have shown the photographs to another employee at the club, but this is not clear. It is apparent, however, that the appellant's relationship with the waitress was well known among the employees at the Officers' Club. Additionally, the government contended and the appellant admitted that while he was the club manager he would occasionally obtain mixed drinks without paying for them.

The circumstances just recited resulted in the appellant's conviction of the following:

Charge II Violation of the UCMJ, Article 133. Specification 1: In that LIEUTENANT COLONEL DAVID A. SHOBER, United States Air Force ... did, at Wright–Patterson Air Force Base, Ohio, at divers times, from on or about 1 November 1984 to on or about 10 April 1985, wrongfully engage in sexual intercourse with ..., a subordinate civilian employee not the wife of ... [the appellant], at the Officers' Open Mess, which conduct was unbecoming an officer and a gentleman.

SPECIFICATION 2: In that LIEUTENANT COLONEL DAVID A. SHOBER, United States Air Force ... did, at Wright–Patterson Air Force Base, Ohio, on or about December 1984, wrongfully take nude photographs of ..., a subordinate civilian employee, not the wife of ... [the appellant], at the Officers' Open Mess, which conduct was unbecoming an officer and a gentleman.

These two offenses plus a minor charge of being derelict in the performance of duties by consuming alcoholic beverages and failing to pay for them resulting in a sentence to dismissal and total forfeitures.

■ Because Specification 1 of Charge II does not allege adultery, and fornication, in the absence of aggravating circumstances, is not an offense under military law, M.C. M. 1984, Part IV, Paragraph 62(f); *United States v. Berry*, 6 U.S.C.M.A. 609, 20 C.M. R. 325 (1956); *United States v. Snyder*, 1 U.S.C.M.A. 423, 4 C.M.R. 15 (1952); *United States v. Johanns*, 17 M.J. 862 (A.F.C.M.R. 1983), we asked appellate counsel to assist us in identifying the criminal act the appellant committed that amounted to conduct unbecoming an officer and a gentleman. Both sides filed briefs on the specified issue stating their positions.

■ We are of the view that it is unnecessary for conduct to be an offense stated elsewhere in the Code in order for it to constitute conduct unbecoming an officer and a gentleman. *United States v. Lockstrom*, 48 C.M.R. 202 (A.F.C.M.R. 1974). It is sufficient that the offender's behavior seriously exposes him or her to public opprobrium. *United States v. Jefferson*, 14 M.J. 806 (A.C.M.R. 1982); *see also United States v. Scott*, 21 M.J. 345 (C.M.A.1986). An officer who sexually exploits a person the officer is charged with supervising calls into question the honor, integrity and good character that is inherent in an officers' unique status. *United States v. Scott, supra.* The fact that the appellant's relationship with the waitress was well known can only heighten the discredit the appellant visited upon all officers. *See United States v. Mayfield*, 21 M.J. 418 (C.M.A.1986). Accordingly, we conclude that his behavior alleged in Specification 1 of Charge II amounted to conduct unbecoming an officer and a gentleman under Article 133, 10 U.S.C. § 933 of the Code. *See generally United States v. McGlone*, 18 C.M.R. 525 (A.F.B.R.1954).

We reach a contrary conclusion, however, regarding Specification 2 of Charge II. Not every deviation from the high standard of conduct expected of an officer constitutes conduct unbecoming an officer. *United States v. Wolfson*, 36 C.M.R. 722 (A.B.R.1966). The nude photographs were taken with the consent of the subject and were given to her upon request. There is no indication that while the appellant had the photographs he used them for an illicit purpose. *Cf. United States v. Holt*, 21 M.J. 946 (A.F.C.M.R. 1986) (accused used nude photographs to extort sexual favors from the subject). In our opinion the specification under review is too vague and lacks words of criminality. The addition of the phrase "which conduct was unbecoming an officer and a gentleman" adds nothing to the legal effect of the purported misconduct. *United States v. Wolfson, supra*. Under the language of this allegation any officer who has an interest in photography had best limit the subject matter to still-life, landscapes and fully-clothed models. For the reasons stated, Specification 2 of Charge II is dismissed.

Appellate defense counsel suggest that the approved sentence, which includes a dismissal, is excessive given the nature of the underlying misconduct, their client's lengthy service and his outstanding record prior to the conviction under review.

To the contrary, appellate government counsel urge that the adjudged sentence is appropriate and was arrived at by the sentencing body who saw and heard the witnesses. Accordingly, it should not be treated lightly. An exemplary past military career is a mitigating factor in reviewing the appropriateness of a sentence. *See United States v. Benedict*, 20 M.J. 939 (A.F.C.M.R. 1985). We are fully aware that sentencing is a difficult process and those who are present when it occurs are in the best position to accomplish the task. However, by statutory mandate we also must make an independent determination of sentence appropriateness. Article 66(c), U.C.M.J., 10 U.S.C. § 866(c). On the record before us we find appropriate only so much of the sentence as provides for a reprimand and forfeiture of $1,500.00 per month for 12 months. The findings of guilty and the sentence, both as modified, are

AFFIRMED.

FORAY, Senior Judge and MICHALSKI, Judge, concur.