UNITED STATES

v.

Colonel Jan E. CISLER, 478–50–6323FR, United States Air Force.

ACM 28416.

U.S. Air Force Court of Military Review.

Sentence Adjudged 16 Dec. 1989.

Decided 17 May 1991.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Mark R. Land.

Appellate Counsel for the United States: Colonel Robert E. Giovagnoni, Major Paul H. Blackwell, Jr., and Lieutenant Colonel Glenn B. Hammond, USAFR.

Before O'BRIEN, PRATT and McLAUTHLIN, Appellate Military Judges.

## OPINION OF THE COURT

McLAUTHLIN, Judge:

Consistent with his pleas, Colonel Jan E. Cisler was convicted of twice willfully disobeying a lieutenant general and twice breaching Article 133, UCMJ, all the result of his illicit relationship with an enlisted woman. We find no merit in the issues raised on appeal and affirm; but our evaluation of one of the Article 133 offenses warrants further discussion.

### I

Specification 1 of Charge II alleged that the appellant violated Article 133 by committing adultery. Specification 2 of the same Charge alleged that he,

... a married man, did ... wrongfully, dishonorably, and disgracefully socially date and associate with, on terms of military equality, Airman First Class [K.D.], United States Air Force, a woman not his wife, in an open, notorious, and public manner.

██ Had it been dealt with exclusively as fraternization, Specification 2 of Charge II would not have survived our review. *United States v. Johanns*, 20 M.J. 155 (C.M.A.1985), *cert. denied*, 474 U.S. 850, 106 S.Ct. 147, 88 L.Ed.2d 122 (1985), *aff'g* 17 M.J. 862 (A.F.C.M.R.1983). *See also United States v. Appel*, 31 M.J. 314 (C.M.A.1990), *United States v. Wales*, 31 M.J. 301 (C.M.A.1990), *United States v. Arthen*, 32 M.J. 541 (A.F.C.M.R.1990), and *United*

*States v. Parrillo*, 31 M.J. 886 (A.F.C.M.R. 1990). Whether fraternization is charged under Article 133 or Article 134, *Johanns, Wales, Appel, Arthen* and *Parrillo* require that the government prove, by "undisputed facts," the existence, notice, and violation of a custom of the Air Force. Only fraternization by a supervisor or a commander has as yet been found violative of an Air Force custom. Since the appellant, here, was neither his companion's commander nor her supervisor, the requisite proof of custom for the offense of fraternization would be found wanting.

However, Specification 2 of Charge II alleges an Article 133 offense independent of fraternization. In a carefully conducted providence inquiry, the military judge made it clear the appellant understood that his plea to this specification admitted to a "violation of Article 133 itself by the nature in which it was done ... as a married man ... carrying on these contacts with an enlisted woman in an open, notorious and public manner." Appellant also agreed that these actions amounted to "conduct unbecoming an officer and a gentleman." The maximum confinement assigned by the trial judge to this offense was one year, the maximum authorized for Article 133 alone; not the two years authorized for an Article 133 offense found closely aligned with Article 134 fraternization. MCM, Part IV, paragraph 59e (1984).

Analyzing an Article 133 specification arising from another officer-enlisted relationship in *United States v. Arthen*, we said, "Our test will be: If it looks like fraternization and the parties treated it like fraternization, it is fraternization." 32 M.J. at 545. Here, the parties treated the second Article 133 specification as describing conduct unbecoming an officer, distinct from fraternization. So will we.

██ Misconduct that is not expressly forbidden by other punitive articles may be successfully prosecuted under Article 133, provided it constitutes "conduct unbecoming an officer and a gentleman." *See United States v. Scott*, 21 M.J. 345, 350–352 (C.M.A.1986) (Cox, J., concurring); *United States v. Shober*, 26 M.J. 501 (A.F.

C.M.R.1986). In these cases, it is incumbent on the government to prove that the accused was on fair notice of the criminality of his conduct. *Parker v. Levy*, 417 U.S. 733, 755, 94 S.Ct. 2547, 2561, 41 L.Ed.2d 439, 457 (1974); *Johanns*, 20 M.J. at 158. The stipulation of fact and appellant's responses during the providence inquiry convince us he knew his conduct was criminal, not as fraternization, but as a married officer, often in uniform, carrying on "in an open, notorious, and public manner" with a woman not his wife.

Under these circumstances, we find that the portion of Specification 2 of Charge II describing conduct unbecoming an officer and a gentleman states an offense to which the appellant providently pleaded guilty. Absent proof of a custom, however, the part of this specification relating solely to fraternization does not state an offense. Therefore, we find appellant's guilty plea improvident to the phrase, "on terms of military equality," and we set aside that portion of his finding of guilt to Specification 2 of Charge II. Since our finding changes neither the maximum punishment nor the essential nature of the offense described by Specification 2 of Charge II, we will not reassess the sentence.

## II

Appellant's first assignment of error refers to his trial motion that both Article 133 specifications be found multiplicious for findings. The military judge found the two offenses separate for findings, but later ruled them multiplicious for sentencing purposes. We agree with the trial judge.

Specification 1 of Charge II includes sexual intercourse as an essential element, the second specification does not. Nothing in the first specification relates to appearing in public, while the second specification alleges the offenses occurred "in an open, notorious, and public manner." Even the time periods alleged for both offenses are slightly different. Thus, each specification contains different elements, not "fairly embraced in the factual allegations of the other." *United States v. Baker*, 14 M.J.

361 (C.M.A.1983), *United States v. Caldwell*, 23 M.J. 748 (A.F.C.M.R.1987). The military judge correctly found them separate for findings.

## III

Appellant also contends his sentence is inappropriately severe. He faced a maximum punishment of a dismissal, confinement for 12 years, total forfeiture of all pay and allowances and an unlimited fine. A married senior officer on a numbered air force staff, appellant was convicted of engaging in conduct unbecoming an officer and of willfully violating two direct orders from his three-star commander. Under these circumstances, we find the sentence entirely appropriate.

## IV

Having examined the record of trial, the assignment of errors, and the government's reply thereto, we conclude that the findings, as modified, and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty, as modified, and sentence are

AFFIRMED.

Chief Judge O'BRIEN and Senior Judge PRATT concur.