UNITED STATES, Appellee

v.

Aldrich C. McCASTLE, Airman First Class, U.S. Air Force, Appellant.

No. 94–1370.
CMR No. S28779.

U.S. Court of Appeals for the Armed Forces.

Argued Oct. 5, 1995.

Decided March 1, 1996.

For Appellant: *Lieutenant Colonel Joseph L. Heimann* (argued); *Colonel Jay L. Cohen* (on brief).

For Appellee: *Captain R. Scott Howard* (argued); *Colonel Jeffery T. Infelise* and *Major Barnard N. Madsen* (on brief).

*Opinion of the Court*

GIERKE, Judge:

A military judge sitting as a special court-martial at Robins Air Force Base, Georgia, convicted appellant, contrary to his pleas, of wrongful use of cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. The approved sentence provides for a bad-conduct discharge and reduction to the lowest enlisted grade. The Court of Military Review* affirmed the findings and sentence. 40 MJ 763 (1994).

We granted review of the following issue:

* *See* 41 MJ 213, 229 n. * (1994).

WHETHER APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL DEFENSE COUNSEL FAILED TO RAISE A MOTION TO DISMISS THE CHARGE DUE TO THE FACT THAT THE CHARGE WAS BASED DIRECTLY UPON THE RESULTS OF A POSITIVE COMMAND DIRECTED URINALYSIS.

*Factual Background*

Airman First Class McCastle was ordered to submit to a command-directed urinalysis on November 16, 1992. The test was positive for cocaine. He was interviewed by the Air Force Office of Special Investigations (OSI) and confessed to buying a rock of crack cocaine and using it.

At appellant's court-martial, the prosecution relied on the confession but made no attempt to introduce the positive urinalysis. Defense counsel moved to suppress the confession, but only for lack of corroboration. The prosecution introduced evidence that appellant's confession contained a description of the drug dealer and his car that matched a known drug dealer who did business in the area where appellant said he purchased the cocaine. The military judge ruled that this was sufficient corroboration and admitted the confession.

Before the Court of Military Review, appellant contended that his defense counsel was ineffective because she did not move to suppress the confession as derivative evidence of the command-directed urinalysis, allegedly obtained in violation of paragraph 5–8b, Air Force Regulation 30–2 (19 Aug 1988). This regulation prohibits using evidence obtained by a command-directed urinalysis "in any disciplinary action under the UCMJ." The regulation further provides, however, that "the limitations of this paragraph on the use of the results do not apply to ... [d]isciplinary or other action based on independently derived evidence...." Para. 5–8b(2).

In a post-trial affidavit, defense counsel said that her research revealed only one case on point, *United States v. Williams*, 35 MJ 323 (CMA 1992), and that she concluded after studying it that a motion to suppress would not be successful. In *Williams* we considered admissibility of a confession obtained after a command-directed urinalysis and held "that any taint from the command-directed urinalysis ... was clearly attenuated." We noted that Williams "was not in custody" when he was interviewed by OSI; the interview was 2 weeks after the urinalysis; he was advised of his rights under Article 31, UCMJ, 10 USC § 831; and was specifically told that the results of the urinalysis could not be used against him in a trial. Williams also consented to a second urinalysis *before* being confronted with the results of the command-directed urinalysis. 35 MJ at 328.

The Court of Military Review in this case concluded that *Williams* was sufficiently distinguishable so that "an experienced advocate would have argued that *Williams* does not permit McCastle's confession to be used against him; [and] that the taint from the coerced seizure of McCastle's urine could not be attenuated so as to permit this trial." Nevertheless, the court below held that defense counsel's performance was not so deficient "that counsel was simply not functioning as counsel," 40 MJ at 768—the standard of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The court below further held that "[h]er belief, however mistaken, that the controlling precedent precluded a motion based on illegally derived evidence does not render her performance of duty legally ineffective." 40 MJ at 768.

Before this Court, appellant has again attacked his counsel's performance, arguing that she was ineffective because she did not move to suppress the confession as illegally derived evidence.

■ When a timely motion to suppress is made at trial, the prosecution has the burden of proof. Mil.R.Evid. 311(e)(1), Manual for Courts–Martial, United States, 1984. It must show by a preponderance of the evidence that a confession following an unlawful search and seizure was not obtained as a result of the search and seizure. Mil.R.Evid.

311(e)(2); *United States v. Campbell*, 41 MJ 177, 184 (1994).

■ On the other hand, when a defense counsel is attacked as ineffective for failing to make a motion to suppress, the burden shifts to appellant to overcome the "strong presumption" that defense counsel was competent. *Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. at 2065. Counsel's "performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586, 91 L.Ed.2d 305 (1986). Where the allegation of ineffectiveness is based on failure to make a motion to suppress, appellant must show a reasonable probability that the motion "would have been meritorious." *United States v. Loving*, 41 MJ 213, 244 (1994); *see Kimmelman v. Morrison, supra* at 382, 106 S.Ct. at 2586–87.

In this case, appellant was given every opportunity to support his claim of ineffective assistance of counsel. Indeed, the court below admitted the entire OSI report, tendered by appellate defense counsel over government objection. 40 MJ at 764. The report recites that appellant was ordered by his commander to provide a urine sample on November 16, 1992, because appellant was experiencing severe financial problems. On December 3, 1992, the urinalysis tested positive for cocaine. On December 4, 1992, the staff judge advocate (SJA), Robins Air Force Base, Georgia, advised the OSI that appellant would be administratively discharged as a result of the positive urinalysis. The SJA further advised that his office would prosecute appellant if the OSI obtained a confession that could be corroborated. On December 4, 1992, "SUBJECT was interviewed under rights' advisement" and "admitted to smoking 'CRACK' Cocaine on 14 Nov 92."

■ From defense counsel's viewpoint, she researched the applicable law and found that the only case on point held against her, so she decided to focus on lack of corroboration. On its face, her decision was not unreasonable in light of the minimal corroboration the Government was able to muster. *See United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir.1991) (while defense has "everything to gain and nothing to lose" by moving to suppress, it is reasonable to decide not to make an unmeritorious motion); *United States v. Madewell*, 917 F.2d 301, 305 (7th Cir.1990) (Counsel did not act in an "exceptionally zealous fashion," but his actions were reasonable and within "the bounds of the Sixth Amendment.").

Appellant has failed to show the likelihood of a meritorious motion to suppress the confession as being tainted. Appellant did not submit an affidavit or any evidence regarding the circumstances of his OSI interview, except for the OSI report itself, which says little about the circumstances of the interview. The OSI report does not reflect who first mentioned the urinalysis during the interview, the context in which it was mentioned, or whether appellant knew or was told that the positive urinalysis could not be used against him in a criminal prosecution. Whether any taint was attenuated or whether appellant's confession was voluntary and obtained independently of the urinalysis cannot be determined from the evidence submitted by appellant. *See, e.g., United States v. Murphy*, 39 MJ 486 (CMA), *cert. denied,* —— U.S. ——, 115 S.Ct. 582, 130 L.Ed.2d 497 (1994); *United States v. Marquardt*, 39 MJ 239 (CMA 1994). Thus, he has not met his burden of proof. Accordingly, we hold that appellant has failed to overcome the "strong" presumption of competence. *See United States v. Molina*, 934 F.2d at 1447.

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge COX, Judge CRAWFORD, and Senior Judge EVERETT concur.

SULLIVAN, Judge (dissenting):

I would reverse the decision of the Court of Military Review and order a rehearing. *See Tomlin v. Myers*, 30 F.3d 1235 (9th Cir.1994) (found inadequate counsel because of failure to move to suppress pretrial and trial identification because no counsel provided at lineup). Appellant's confession was *the*

*sole critical piece of evidence* in the prosecution's case; the issue of its admissibility was not "clearly lacking in merit," and defense counsel's failure to litigate this question was not explained in strategic terms. *Id.* at 1238, citing *United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir.1991).

In this case, the confession was obtained only after the OSI told appellant that his command-directed urinalysis tested positive for cocaine. All Air Force defense counsel know or should know about the regulatory prohibition against use of evidence derived from a command-directed urinalysis. *See* para. 5–8b, Air Force Regulation (AFR) 30–2 (19 Aug 1988) (regulation grounded in the Fourth Amendment). Consequently, a suppression motion should have been made as to this derivative evidence from a command-directed urinalysis (*i.e.*, appellant's confession directly related to the urinalysis is also inadmissible; *see Murray v. United States*, 487 U.S. 533, 536–37, 108 S.Ct. 2529, 2532–33, 101 L.Ed.2d 472 (1988)).

Nevertheless, defense counsel, instead of seeking the obvious suppression motion based on AFR 30–2 and the Fourth Amendment, sought to suppress the confession on an ill-fated motion challenging the lack of corroboration for the confession. Stated another way, defense counsel saw hoof-prints and looked for a rare zebra instead of an obvious horse.

Notwithstanding the good intentions of his defense counsel who focused on the corroboration issue, appellant deserved to have a counsel who would pursue the outcome-determinative motion to suppress based upon the Air Force Regulation. In viewing the law and the facts raised on this appeal, I conclude that appellant has demonstrated a reasonable probability that a suppression motion based on the Air Force Regulation's prohibition would have been granted. *See United States v. Campbell*, 41 MJ 177 (CMA 1994). Accordingly, I would hold that *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), would require a rehearing in this case, and I would so order it.