UNITED STATES, Appellee,

v.

Joseph L. TARLETON, Jr., Senior
Airman, U.S. Air Force,
Appellant.

No. 96–0430.
Crim.App. No. 31209.

U.S. Court of Appeals for
the Armed Forces.

Argued March 4, 1997.

Decided Sept. 22, 1997.

Gierke, J., filed concurring opinion.

Sullivan, J., filed dissenting opinion.

For Appellant: *J. Dennis Murphy, Jr.*
(argued); *Major Carol L. Hubbard* and
*Lieutenant Colonel Kim L. Sheffield* (on
brief).

For Appellee: *Captain Steven D. Dubriske*
(argued); *Colonel Theodore J. Fink* and
*Lieutenant Colonel Michael J. Breslin* (on
brief).

*Opinion of the Court*

EFFRON, Judge:

In March 1994, appellant was tried by a
general court-martial at Hickam Air Force
Base, Hawaii. Prior to entering his plea,
appellant moved to suppress a confession on
the ground that it was involuntary. After

the military judge denied the motion, appellant entered a conditional guilty plea in order to preserve the issue for appeal. *See* RCM 910(a)(2), Manual for Courts–Martial, United States (1995 ed.). The military judge accepted the plea and found him guilty of a single specification of using methamphetamine on divers occasions over a period of slightly over 6 months, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. The officer and enlisted members of the court-martial sentenced appellant to a bad-conduct discharge, confinement and forfeiture of $415 pay per month for 6 months, and reduction to the lowest enlisted grade. The convening authority approved these results, and the Court of Criminal Appeals affirmed in an unpublished opinion.

On appellant's petition, we granted review of four issues concerning the voluntariness of his confession.[1] We find no prejudicial error, so we affirm the decision below.

I

On October 27, 1993, appellant was interviewed by Air Force security police concerning suspected unlawful activity by his wife, including drug involvement. Appellant consented to a search of his residence for drugs and to determine if his wife was present. When the security police arrived at appellant's house and saw his wife walking toward her car, they detained her, searched her, and found contraband drugs and drug paraphernalia. Shortly thereafter, agents from the Air Force Office of Special Investigations (OSI) asked appellant to consent to providing a urine sample. When he declined, appellant was ordered to provide a command-directed sample, and he complied. Subsequently, OSI was advised that the urinalysis sample had tested positive for methamphetamines.

On November 19, OSI agents summoned appellant for an interview. At the outset, appellant was informed that he was being questioned about his wife's drug involvement. No incriminating statements were made during this portion of the interview. After several minutes, the agents advised appellant of his own self-incrimination rights under Article 31 of the Code, 10 USC § 831, and specifically informed him that he was suspected of use and possession of controlled substances. After appellant waived his rights, the agents resumed questioning, continuing to focus on his wife's drug involvement.

After several minutes, the investigators changed the topic to appellant's own involvement with drugs. Appellant initially denied having ever used drugs with his wife. The agents "brought up the positive urinalysis." According to the OSI interview notes, appellant confessed to drug use within 3 minutes of learning of the positive test results. These notes reflect that appellant "confessed

1. The following issues were granted, the last of which we specified:

I
WHETHER APPELLANT'S GUILTY PLEA MUST BE SET ASIDE ON THE BASIS OF PLAIN ERROR AND IMPROVIDENCE WHERE THE GOVERNMENT'S ONLY EVIDENCE AGAINST HIM WAS OBTAINED THROUGH DIRECT EXPLOITATION OF A COERCED SEIZURE OF APPELLANT'S URINE AND WHERE THE MILITARY JUDGE, KNOWING THIS AND KNOWING ALSO OF APPELLANT'S DESIRES TO SUPPRESS THE EVIDENCE IF HE COULD, NONETHELESS ACCEPTED APPELLANT'S PLEA WITHOUT FURTHER INQUIRY INTO OR CONSIDERATION OF THE UNDISSIPATED TAINT CONTAMINATING THE GOVERNMENT'S ENTIRE CASE.

II
WHETHER APPELLANT'S CONFESSION SHOULD BE SUPPRESSED AS INVOLUN-

TARY WHERE APPELLANT WAS NOT APPRISED THAT THE COMMAND–DIRECTED URINALYSIS RESULTS COULD NOT BE USED AGAINST HIM IN A COURT–MARTIAL.

III
WHETHER TRIAL DEFENSE COUNSEL WAS INEFFECTIVE IN FAILING TO EXPRESSLY CITE, AS A BASIS FOR THE MOTION TO SUPPRESS, THE TAINTED CHARACTER OF APPELLANT'S CONFESSION.

IV
WHETHER APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL DEFENSE COUNSEL FAILED TO RAISE A MOTION OR OTHERWISE PRESERVE FOR APPEAL THE QUESTION OF WHETHER TO SUPPRESS APPELLANT'S CONFESSION BECAUSE AFOSI AGENTS USED A POSITIVE COMMAND–DIRECTED URINALYSIS TO INDUCE THAT CONFESSION.

to smoking 'meth' about 20 times in last six months."

In support of his suppression motion at trial, defense counsel contended that the confession was involuntary because appellant "could have reasonably believed that he was being interviewed as a witness rather than a suspect, despite having been advised of his rights." The military judge commented, "The accused's version of events defies logic and credibility." He denied the motion, concluding

> that the accused was informed that he was suspected of use and possession of a controlled substance, and that he understood this fact. The accused then freely, knowingly, and intelligently waived his rights available under Article 31, UCMJ.

Appellant's conditional guilty plea, which was entered pursuant to a written agreement signed by appellant, trial and defense counsel, and the staff judge advocate, expressly identified

> the following issue [to] be preserved for appellate review and appeal:
>
> Whether the Accused's waiver of his Article 31 rights was voluntary, where the Accused did not believe he was suspected of committing a criminal offense under the UCMJ at the time he waived his rights.

## II

■ On appeal, appellant challenges the confession on a different theory, which was not preserved in the conditional guilty plea or otherwise raised at trial. Appellant now contends that his confession "should be suppressed as involuntary" because the interrogating agents did not apprise him that evidence from the command-directed urinalysis, which prompted his confession, was not admissible at his court-martial.

We hold that appellant forfeited this complaint by not raising it at trial. Mil.R.Evid. 103(a)(1), Manual, *supra*. He never moved to suppress the results of the urinalysis or to suppress the confession on the grounds that

it was tainted by the urinalysis. As a result, trial counsel never had the opportunity to litigate those issues, and the military judge never was called upon to rule on the issues raised for the first time on appeal.

■ Appellant seeks to overcome his failure to address the urinalysis at trial by arguing that denial of the suppression motion under these circumstances was plain error, not subject to forfeiture. Mil.R.Evid. 103(d); *see United States v. Toro*, 37 MJ 313, 316 (CMA 1993).

The primary obstacle to appellant's plain-error argument is our decision in *United States v. Williams*, 35 MJ 323 (CMA 1992), in which we held that a command-directed urinalysis did not taint a subsequent confession. Appellant, who has not identified any statute, rule, or precedent that expressly provides that such a confession is tainted, now seeks to distinguish *Williams* on the basis of facts and circumstances not presented during the suppression motion at trial. Whatever bearing such arguments might have on the merits of persuading this Court to establish a new precedent after full development at the trial level, the absence of controlling precedent favorable to appellant demonstrates that the error, if any, was not plain error.[2]

■ Alternatively, we hold that appellant waived appellate review of this issue, notwithstanding his contention that his conditional plea preserved this issue for our review. RCM 910(a)(2). The general rule is that an unconditional guilty plea waives all suppression motions. Mil.R.Evid. 311(i); *see also* Mil.R.Evid. 304(d)(2)(A). When a set of facts is conclusively established and judicially admitted by an accused in his plea of guilty, there is no need for the Government to introduce at trial any evidence obtained through search and seizure. Consistent with federal civilian proceedings, we have held that "no legal or practical purpose" would be served by reviewing the legality of a search and seizure that produced evidence not introduced by the Government at trial because

---

2. For the same reason, we reject appellant's argument that the military judge had a *sua sponte*

responsibility to bring this ground for objection to appellant's attention before accepting his plea.

the accused pleaded guilty. *United States v. Dusenberry,* 23 USCMA 287, 290, 49 CMR 536, 539 (1975); *accord United States v. Hamil,* 15 USCMA 110, 111–12, 35 CMR 82, 83–84 (1964).

There are circumstances in which an accused is unwilling to plead guilty and thereby waive the right to appellate review of such motions. As the drafters of RCM 910(a)(2) observed, the conditional guilty plea rule, which is based on Fed.R.Crim.P. 11(a)(2), "conserve[s] judicial and governmental resources by dispensing with a full trial when the only real issue is determined in a pretrial motion." Drafters' Analysis, Manual, *supra* at A21–56.

The conditional plea rule, by its own terms, preserves appellate review of an "adverse determination of any *specified* pretrial motion." RCM 910(a)(2)(emphasis added). In this case, the conditional guilty plea agreement specified only one basis for the suppression motion—appellant's claim that he "did not believe he was suspected of committing a criminal offense under the UCMJ at the time he waived his rights." He did not assert that the urinalysis was inadmissible and that it tainted his confession. *See generally United States v. Corraine,* 31 MJ 102, 107 (CMA 1990)(defense duty to frame motions with "substantial clarity and specificity").

As we pointed out earlier, the military judge's approval of and the Government's consent to the conditional plea were not predicated upon reserving any issues related to the urinalysis for appellate review. The purposes of the conditional plea rule would be undermined if an accused could specify and litigate one particular ground in support of a motion to suppress, but then have the ability to raise all other theories on appeal.

█ Faced with the fact that the urinalysis issue was not raised at trial, appellant contends that he was denied effective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). When appellant raised that issue before the Court of Criminal Appeals, that court ordered trial defense counsel to submit an explanatory affidavit.

In that affidavit, trial defense counsel explained that he had considered making a motion to suppress the confession on the ground that it was the tainted product of the command-directed urinalysis. However, upon reading our *Williams* opinion, he had concluded that appellant's admission to drug use on occasions other than that which had produced the positive urinalysis was admissible.

In *Williams,* we addressed the accused's two-pronged attack on the voluntariness of a confession that, according to him, was the direct product of a command-directed urinalysis. In rejecting his first contention, which was a "regulatory argument," 35 MJ at 326, we concluded, "This section of the regulation strongly suggests that a positive result on a command-directed urinalysis was not intended to completely paralyze the command in its war against drug abuse in the military." 35 MJ at 327.

In *Williams,* we also addressed the "more difficult question ... whether the command-inspection system provided in AFR 30–2, which permits such indirect use of command-directed or compelled urinalysis results, violates the Fourth Amendment." We concluded that Williams' "incriminating statements and his consent to a second urinalysis were voluntary acts upon which any possible taint from the earlier command-directed urinalysis had been clearly dissipated." 35 MJ at 327. In explaining this result, we expressly stated:

> In resolving this claim, we note that the results of appellant's August command-directed urinalysis were not proffered as evidence of his guilt of the charged September offenses. Instead, appellant seeks to suppress evidence of the charged offense which was discovered in his interview by police only after they were informed of the earlier positive results.

35 MJ at 328.

In view of our treatment in *Williams* of the relationship between urinalysis results and a confession, we do not find that trial defense counsel was constitutionally ineffective when he concluded that appellant's confession to some 20 uses of methamphet-

amines over a 6-month period, which the agents learned about only from the interrogation that took place after the earlier positive urinalysis results, would have been admissible. Indeed, when defense counsel in *United States v. McCastle*, 43 MJ 438, 440 (1996), had made a similar conclusion that *Williams* was dispositive against a suppression motion, we decided, "On its face, her decision was not unreasonable...."

As in *McCastle*, we cannot fault defense counsel's reading of *Williams*. To date, we have not held that reference during an interrogation by law enforcement personnel to a command-directed urinalysis will taint a confession. If an accused wants to challenge *Williams* or limit its construction or application by distinguishing it, that challenge must begin at trial. In the meantime, however, a defense counsel's rational reliance upon a reasonable construction of that opinion will not render his representation ineffective.

### III

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX and Judge CRAWFORD concur.

GIERKE, Judge (concurring):

I agree with the majority that the terms of the conditional guilty plea did not preserve Issues I and II. Issue III and the specified issue concerning effective assistance of counsel give me some pause, but after careful reflection, I agree with the majority.

Although the issue whether the confession was tainted by the command-directed urinalysis is not directly before us, appellant's claim of ineffective representation usually would require us to address it. *See United States v. Loving*, 41 MJ 213, 244 (1994) (appellant must show reasonable probability that motion to suppress "would have been meritorious"), *aff'd on other grounds*, 517 U.S. 748, 116 S.Ct. 1737, 135 L.Ed.2d 36 (1996). However, I need not reach the question whether the confession in this case was tainted.

In my view our Court has not spoken with a clear voice on the relationship between a command-directed urinalysis and a subsequent confession. Our holdings in *United States v. Williams*, 35 MJ 323 (1992) (that any possible taint from the earlier command-directed urinalysis had been clearly dissipated), and *United States v. McCastle*, 43 MJ 438 (1996) (that appellant, in faulting his counsel for failing to make a suppression motion, had failed to overcome the strong presumption of the competence of his counsel), were narrow and case-specific. I do not believe that our opinions in *Williams* and *McCastle* put counsel on notice that a motion to suppress probably would be meritorious. We cannot expect counsel to be prescient. Instead, counsel's "performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *McCastle* at 440, citing *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586, 91 L.Ed.2d 305 (1986). Because the law on use of command-directed urinalysis results in subsequent interrogations is unsettled, it was not unreasonable for defense counsel to rely on other legal grounds to attack the confession. *See United States v. McCastle, supra*. As in *McCastle*, I do not believe that the "strong presumption" of competence is overcome in this case. *See Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Accordingly, I join in holding that defense counsel was not ineffective.

SULLIVAN, Judge (dissenting):

*United States v. Williams*, 35 MJ 323 (CMA 1992), does not preclude suppression of a confession induced by a command-directed urinalysis. In my view, it permits suppression under certain circumstances, and an attorney acting reasonably would have made such a suppression motion in this case. Counsel's failure to do so was ineffective assistance of counsel. *See United States v. McCastle*, 43 MJ 438, 440-41 (1996) (Sullivan, J., dissenting).

In this case, there was an issue (possible misuse of the results of a command-directed

urinalysis) and there was an arguable motion to be made on this issue (even under the criteria I outlined in *United States v. Williams, supra*). A reasonable attorney should have made a motion to suppress the confession based on the possible taint from the positive command-directed urinalysis.

Therefore, I would hold ineffective assistance of counsel in this case and reverse. Failure to make an outcome-determinative motion by counsel falls below the standard we must set for our excellent justice system. *McCastle* at 441 (Sullivan, J., dissenting).