OPINION OF THE COURT
SNYDER, Senior Judge:
We hold in this ease as follows: 1) a magistrate, or authorizing official, may, when presented an adequate supporting basis, consider opinion evidence when determining whether probable cause to search exists; 2) when evidence of other crimes or acts is admitted at trial under both Mil.R.Evid. (Rule) 404(b) and 414, a determination at the appellate level that the evidence was properly admitted under Rule 404(b) moots any issue regarding Rule 414; and, 3) questions by appellate defense counsel as to “why” trial defense counsel did or did not do certain things before and during the trial, without more, do not raise any cognizable issue regarding ineffective assistance of counsel.
I. Background
Tried by general court-martial, appellant was convicted, contrary to his pleas, of con *867 sensual oral sodomy, two instances of committing indecent acts, and conduct unbecoming an officer and a gentleman. Articles 125, 134, and 133, UCMJ, 10 U.S.C. §'§ 925, 934, and 933. He was sentenced to a dismissal and confinement for 6 years, which the convening authority approved. Appellant submits 11 assignments of error, only one of which has merit, and only four of which merit extended discussion. We grant partial relief but otherwise affirm.
The charges appellant was convicted of arose from repeated instances of him molesting his son and daughter between 1976 and 1995. Due to the statute of limitations, however, he was charged only with those instances which occurred between September 20, 1990, and May 1995. See Article 43(b)(1), UCMJ, 10 U.S.C. § 843(b)(1). The first issue we consider is appellant’s assertion that the military judge erred in not granting his motion to suppress the results of a search of his residence.
II. Facts
The military judge made extensive findings of fact on this issue. They are as follows:
First, on or about 24 April 1995, [JLH] and [DRH] were interviewed by the Air Force Office of Special Investigations. They completed signed, sworn statements in which they alleged a long history of sexual abuse perpetuated upon them by the accused.
The statement of [DRH] related the accused watched pornographic movies with him on Sunday mornings; made video tapes of [DRH] involved in sexual conduct with the accused; that [the accused] showed to [DRH] “dirty magazines” and showed him homemade video tapes of sexual conduct occurring between the accused and his wife.
In the statement of [DRH], he indicated that often this type of behavior occurred as a method used by the accused in initiating sexual acts with [DRH].
Second, after reviewing the statements and consulting with the Air Force Office of Special Investigations Detachment Superintendent, Special Agent [B] telephonieally contacted Lieutenant Colonel Nancy A. Slicner, an Investigative Psychologist assigned to AFOSI. She reviewed the case information and provided a memo indicating an opinion that the subject described was “sexually indiscriminate” or [a] “try-sexual” [meaning they will try anything plus everything sexual]. She further opined that there was an “exceptional strong likelihood” that such an individual would keep articles of past sexual exploitations.
Three, Lieutenant Colonel Slicner told Special Agent [B] that, based on the information she had been provided, it was her opinion the accused was a “classic pedophile.” Special Agent [B] then reviewed information from a treatise on pedophilia titled The Sexual Exploitation of Children by Seth Goldstein. That information included certain common characteristics of persons who, among other things, molest children. Those criteria include collecting sexually explicit materials and rarely, if ever, disposing of such materials.
Fourth, Special Agent [B] took the statements of [JLH] and [DRH], the statement of Dr Nancy Slicner, and the information obtained from the Goldstein treatise to Detective [S] of Live Oak [Texas] Police Department. He briefed Officer [S] on the investigation and allowed her to review and inspect the information he had regarding the case. Agent [B] prepared an affidavit for search warrant and Officer [S], accompanied by Agent [B], appeared before Judge R.N. Cate [a magistrate of Bexar County, Texas]. Officer [S] and Agent [B] were sworn by Judge Cate, related the information substantially as it is contained in [the affidavit]. It provided Judge Cate with the statements of [JLH] and [DRH], the statement from Lieutenant Colonel Slicner, and a summary of the information from the Goldstein treatise. Judge Cate took approximately one hour to review the information provided to him prior to him issuing the warrant.
Five, none of the information provided to Judge Cate specifically told him the materials had last been seen by [JLH] and [DRH] in 1990 in a location other than the accused’s residence in Live Oak, Texas.
*868 Six, Judge Cate did have available for his review, the 24 April ’95 sworn statements of the Henley children, which allege sexual abuse occurred in California, Arkansas, Germany, Abilene, Texas, and Warrens-burg, Missouri. Additionally, the statements clearly indicated the time frame of the alleged abuse.
Seven, [JLH] indicated in her 24 April ’95 statement that she presently resided in the premises which the affidavit requested permission to search.
Eight, on 25 April ’95, the Live Oak Police Department did not have an open case involving the accused, nor was any case ever opened by the Live Oak Police Department on [the accused] arising from this investigation.
Nine, the warrant obtained from Judge Cate was executed by Officer [S] with the assistance of the Live Oak Police Department and the [AFOSI] and resulted in the seizure of [over 1000 video tapes; video recording equipment, including a camcorder camera; and, numerous sexually explicit magazines, some of which depicted nude children and homosexual acts, were seized].
After making the above findings, the military judge ruled that Judge Cate had a substantial basis for finding probable cause to search and denied the motion to suppress. We find no error in the ruling.
III. Discussion
A. Probable Cause to Search
A military judge’s ruling on the admission or exclusion of evidence, including rulings on motions to suppress, are reviewed for an abuse of discretion. United States v. Ayala, 43 M.J. 296 (1995); United States v. Agosto, 43 M.J. 745, 748 (A.F.Ct.Crim.App. 1995). As search issues generally are mixed questions of fact and law, we review a military judge’s findings of fact under a clearly erroneous standard, and we review the military judge’s conclusions of law under a de novo standard of review. A military judge abuses his or her discretion on a motion to suppress only if the factual findings are clearly erroneous or the law is applied erroneously. Ayala, 43 M.J. at 298; United States v. Burris, 21 M.J. 140, 144 (C.M.A.1985). Finding the military judge’s findings in full accord with the evidence of record, we adopt them as our own. Article 66(c), UCMJ, 10 U.S.C. § 866(c).
Both at trial and before this Court, appellant’s primary assertion is that the information on which the magistrate relied was too stale to constitute the probable cause necessary to support issuance of the warrant. In support of this position, appellant argues the fact that DRH’s and JLH’s statements omitted the fact that they last saw the referenced sexually explicit video tapes and other materials in 1990 in a location other than appellant’s Live Oak, Texas, residence. Further, appellant avers Dr. Slicner’s “profile” of appellant was insufficient to fill this gap. Although appellant is relying, in part, on information which was not included in SA B’s and Detective S’ affidavit, trial defense counsel specifically stated that he was not asserting misrepresentation or a reckless disregard for the truth by SA B and Detective S. Therefore, that issue is not before this Court.
Probable cause exists when there is sufficient information to provide the authorizing official a reasonable belief that the person, property, or evidence sought is located in the place or on the person to be searched. Mil.R.Evid. 315(f)(2); United States v. Mix, 35 M.J. 283 (C.M.A.1992). Whether probable cause exists for a magistrate to issue a search warrant is determined by the totality of the circumstances presented to the magistrate. Illinois v. Gates, 462 U.S. 213, 233, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In Gates, the Court emphasized the fact that the law does not demand that a magistrate make technical legal determinations when deciding whether to issue a warrant. Instead, only a practical, common sense assessment is required, because the central question is whether there is probable cause, not whether there is proof beyond a reasonable doubt. See Gates, 462 U.S. at 231, 103 S.Ct. 2317 and cases cited therein. Searches authorized by magistrates are preferable to searches conducted under other bases. Consequently, a magistrate’s determination that probable cause existed is entitled to great deference. See United States v. Leon, 468 U.S. 897, 914, *869 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); United States v. Hester, 47 M.J. 461, 466 (1998) (Gierke, J., concurring in part and in the result); United States v. Lopez, 35 M.J. 35, 49-50 (C.M.A.1992) (Wiss, J., concurring in the result). In light of this deference, this Court’s de novo review is confined to whether the military judge was correct in ruling that Judge Cate had a substantial basis for finding probable cause existed to search appellant’s residence. United States v. Figueroa, 35 M.J. 54, 56 (C.M.A.1992).
Timeliness of the information relied on is a vital part of the probable cause decision matrix. Lopez, 35 M.J. at 38. As stated, ante, appellant’s primary complaints are: the information presented by DRH and JLH was too stale for the magistrate to rely on, and the magistrate improperly relied on Dr. Slicner’s opinion and the information provided from Goldstein’s treatise to overcome the alleged staleness of the information provided. However, although sufficient time may have elapsed in a given situation whereby the most reasonable inference is that the contraband or evidence is no longer at the place to be searched, the lapse of a substantial period of time, standing alone, between the event or events relied on and the search is not determinative. Id. The factors a magistrate, or other authorizing official, must consider are: the location to be searched; the type of crime being investigated; the nature of the article or articles to be seized; how long the criminal activity has been continuing; and, the relationship, if any, of all these items to each other. Id. at 38-39 and cases cited therein; accord United States v. Lacy, 119 F.3d 742, 745 (9th Cir.1997), cert. denied, — U.S. —, 118 S.Ct. 1571, 140 L.Ed.2d 804 (1998); United States v. Harvey, 2 F.3d 1318 (3d Cir.1993); United States v. Peden, 891 F.2d 514, 518-519 (5th Cir.1989).
As regards Judge Cate’s consideration of Dr. Slicner’s memorandum and the information from Goldstein’s treatise, neither appellate government nor civilian appellate defense counsel have invited our attention to military precedent addressing the use of expert, or other informed, opinions by a magistrate. This need not detain us, however, for — as appellate government counsel’s brief reflects, the federal circuit courts of appeals have considered the issue and found no impropriety in a magistrate relying, in part, on opinion evidence. See Lacy, 119 F.3d at 745; Harvey, 2 F.3d at 1320; Peden, 891 F.2d at 518. We discern no reason to reject their reasoning as it may apply to search issues before trials by courts-martial.
The general operative concept is that, as long as there is an underlying factual basis for any opinion tendered by the requesting investigator, the magistrate (or other authorizing official) may use it as part of his/her probable cause determination. In the instant case, this means that there must have been some evidence in either the affidavit or other information submitted to Judge Cate which demonstrated appellant is a pedophile, and that pedophiles are unlikely to dispose of certain possessions. Lacy, 119 F.3d at 746 n. 6; Harvey, 2 F.3d at 1320.
Dr. Sliener reviewed DRH’s and JLH’s statements, thereby providing her a factual basis for her assessment and opinion. Similarly, SA B and Detective S consulted Gold-stein after obtaining and reading DRH’s and JLH’s statements. Further, Judge Cate thoroughly reviewed the sworn statements of DRH and JLH. DRH’s statement contained the sordid details of appellant’s constant molestation of him during the prior 14 years, and JLH’s statement recounted appellant’s sexual abuse of her. With this factual basis, it was entirely permissible for Judge Cate to entertain Dr. Slicner’s professional opinion and the excerpts from Goldstein’s treatise, to conclude that, appellant probably is a pedophile, and that he probably still possessed the video tapes, sexually explicit magazines, and the sexual implements DRH referenced in his statement. Lacy, 119 F.3d at 745 (with evidence that defendant is a pedophile, customs agent could rely on his training and experience to opine to magistrate that defendant still possessed child pornography 10 months later); Peden, 891 F.2d at 519 (with evidence that defendant is a pedophile, agent could opine to magistrate that such persons are unlikely to dispose of materials sought); accord United States v. Koelling, 992 F.2d 817, 819-20 (8th Cir.1993). This was not an instance of a magistrate relying on a “police *870 man’s hunch” to issue a search warrant, which hornbook search and seizure law teaches is insufficient. See United States v. Sam, 46 C.M.R. 124, 129, 1973 WL 14462 (C.M.A.1973). Instead, there was a credible factual foundation underlying the opinions rendered.
In light of the underlying factual basis present in the instant case, we eschew the parties’ use of the term “profile” as it related to appellant and Judge Cate’s determination. Accordingly, we hold that, when a magistrate or other official is presented sufficient information, via affidavit or orally by the requesting investigator, to factually connect the suspect with the criminal activity or evidence in question, there is no impropriety in the magistrate considering the informed, relevant opinion of either the investigator or other person or expert when determining whether probable cause exists to issue a search warrant or authorization. When an investigator renders an opinion, the investigator must inform the magistrate of the basis of the investigator’s qualification to render the opinion (training, experience, etc.). See Lacy, 119 F.3d at 745. Obviously, if an expert’s opinion is presented to a magistrate, it must be demonstrated that the expert is familiar with the underlying information which connects the suspect with the opinion.
Given these factors, Judge Cate clearly had a substantial basis for determining that appellant probably still possessed the items referenced in DJH’s statement. Therefore, this assignment of error is without merit.
B. Evidence of Other Wrongs or Acts
As stated in Part I, ante, the military judge admitted, over trial defense counsel’s objection, evidence of appellant’s acts of molestation of DRH and JLH which fell outside the statute of limitations. The prosecution proffered the evidence under both Rules 404(b) and 414, and the military judge entered findings and conducted the Rule 403 balancing test before admitting the evidence under both rules. As a result, civilian appellate defense counsel has submitted three assignments of error which attack the propriety of admitting the evidence under Rule 414, including an averment that Rule 414 is unconstitutional. Civilian appellate defense counsel’s brief is silent on the propriety of admitting the evidence under Rule 404(b). In light of the basis for the military judge’s rulings at trial, we need not address counsel’s assertions regarding Rule 414 to conclude the evidence was properly admitted.
Frequently, appellate courts must apply a hierarchy of sources of law to resolve various issues. The most frequent hierarchy referenced is: the Constitution of the United States; federal statutes, including the UCMJ; executive orders, including the Manual for Courts-Martial and Military Rules of Evidence; et al. See Lopez, 35 M.J. at 39. The primary rule of application is that the highest source of authority is paramount unless a lower source accords greater rights or protection for the individual or accused. Id.; accord United States v. Davis, 47 M.J. 484 (1998). This principle also applies when applying a particular source; in the instant ease, the Military Rules of Evidence.
Without going into substantial detail, suffice it to say that Rule 414 was promulgated specifically to allow the admission of evidence of prior instances of child molestation by an accused. The provisions of Rule 414, and its limited legislative history, reflect that Congress intended for Rule 414 to have a broader reach than Rule 404(b). United States v. Hughes, 48 M.J. 700 (A.F.Ct.Crim.App.1998); Id. at 724 (Snyder, S.J., concurring in part and in the result). One of the consequences of this fact is that the relevancy threshold for Rule 414 is lower than that for the other rules, and the balancing test of Rule 403 is less restrictive for evidence admitted under Rule 414 than for evidence submitted under Rule 404(b). Id. at 716; see also, e.g., United States v. LeCompte, 131 F.3d 767, 769 (8th Cir.1997). Therefore, if the evidence in question was properly admitted under Rule 404(b), any question of admissibility under Rule 414 is rendered moot. We now consider the military judge’s ruling that the evidence was admissible under Rule 404(b).
*871 Our standard of review for this issue is abuse of discretion. United States v. Acton, 38 M.J. 330 (C.M.A.1993); United States v. Mukes, 18 M.J. 358 (C.M.A.1984). Rule 404(b) provides, in part, as follows:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident____
There now is a well established three-part test for determining admissibility, which is:
1. Does the evidence reasonably support a finding by the court members that appellant committed prior crimes, wrongs, or acts?
2. What “fact ... of consequence” is made “more” or “less probable” by the existence of this evidence?
3. Is the “probative value ... substantially outweighed by the danger of unfair prejudice”?
United States v. Reynolds, 29 M.J. 105, 109 (C.M.A.1989) (citations omitted). The first part of this test presents a very low threshold. Simply, the military judge has only to find that the members could reasonably find, by a preponderance of the evidence, that appellant committed the crimes in question. Mil.R.Evid. 104(b); Acton, 38 M.J. at 333.
This prong was more than satisfied by the testimony of both DRH and JLH, and the testimony of SA B describing appellant’s oral admissions. The second part of the test addresses relevance. See Rules 401 and 402. Appellant was charged with the forcible sodomy of DRH via the constructive force of parental coercion which cancelled DRH’s ability to resist appellant’s actions. The prosecution informed the military judge that the evidence was offered to prove that appellant had conditioned DRH over the years to submit to his sexual demands and that DRH had come to believe it would be useless to resist appellant. See United States v. Palmer, 33 M.J. 7 (C.M.A.1991). Further, after additional developments during the trial, the prosecution also asserted, and the military judge concurred, that the evidence was admissible to prove appellant’s “identity” as the perpetrator of the indecent acts charged in the specifications involving JLH. She testified she was playing a computer game when she felt a penis rub across the back of her neck. Although she did not turn around when it occurred, she believed it was appellant because of his prior acts of abuse of her, and she ignored the act so appellant would go away. During cross-examination of JLH, trial defense counsel suggested the prospect that it was DRH, not the appellant, who touched the back of her neck with his penis, as well as being the one who stood next to her bed in her darkened bedroom and masturbated.
First, we observe that the evidence clearly was offered for a purpose other than to show appellant’s propensity to commit the offenses charged. This Court previously has held that similar crimes which fall outside the statute of limitations may be admitted on the issue of consent where parental coercion is in issue. United States v. Hansen, 36 M.J. 599, 603-4 (A.F.C.M.R.1992). Moreover, given the defense’s theory of mistaken identity, appellant’s crimes outside the statute of limitations plainly were probative on that issue as well as the issue of consent, and satisfied the second part of the Reynolds test. Acton, 38 M.J. at 333. The final question is whether the danger of unfair prejudice substantially outweighed whatever probative value the evidence had, which is the balancing test of Rule 403.
Even evidence otherwise admissible must be excluded if its potential for unfair prejudice substantially outweighs the probative value of the evidence. Mil.R.Evid. 403; United States v. Castillo, 29 M.J. 145, 151 (C.M.A.1989). The military judge performed this test as required and found the probative value was not outweighed by the potential for unfair prejudice. While the military judge did not detail the factors of her balancing test, we do not consider that fatal in light of the significant probative value of the evidence.
Therefore, we conclude the military judge did not abuse her considerable discretion in admitting the evidence. Even if she commit *872 ted error by doing so, it was harmless. See Article 59(a), UCMJ. The military judge provided the members a limiting instruction on the proper use of the evidence. It is evident from the findings that the members followed the instructions and confined the evidence to its proper role. Appellant was found not guilty of forcible sodomy, two of the indecent acts with DRH, and the charged act of rubbing his penis across the back of JLH’s neck.
In light of the evidence being properly admitted under Rule 404(b), we need not address the Rule 414 issues asserted by civilian appellate defense counsel.
IV. Factual Sufficiency
Appellant asserts that the evidence is factually insufficient to support the findings of guilty. We disagree. To find a conviction factually sufficient, we must determine that, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, we are convinced of the accused’s guilt beyond a reasonable doubt. United States v. Turner, 25 M.J. 324 (C.M.A.1987).
To support this averment, appellant refers to DRH’s and JLH’s admitted prior inconsistent statements and their inability to provide firm dates for the instances of appellant’s abuse of them. Considering the lengthy time period involved, like the members, we do not find this factor remarkable. Further, there is the matter of appellant’s admissions, especially the one made in the presence of his supervisor, Lieutenant Colonel (Lt Col) L, when he escorted appellant to his home to retrieve personal items before departing for a mental examination. Lt Col L testified that, before departing his home, appellant told his wife that she would be hearing some bad things about him and they were true. Contrary to his approach on the admissions appellant made to SA B, trial defense counsel did not suggest that the admission in Lt Col L’s presence related to the acts outside the statute of limitations. Instead, he relied on Mrs. H’s testimony that appellant said no more than she would hear some bad things and for her to go to her parents’ home in Fort Worth. We find SA B, Lt Col L, DRH, and JLH, more credible. We too are convinced, beyond reasonable doubt, of appellant’s guilt. Article 66(c), UCMJ, 10 U.S.C. § 866(c).
V. Ex Post Facto
Appellate government counsel properly concede that the amendment of Article 57(a), UCMJ, and the enactment of Article 58b, UCMJ, as applied to appellant, violated the Ex Post Facto Clause of the Constitution. United States v. Gorski, 47 M.J. 370 (1997). We will direct corrective action in our decre-tal.
VI. Ineffective Assistance of Counsel
Civilian appellate defense counsel avers that appellant “arguably did not receive effective assistance of counsel,” and requests a post-trial fact-finding hearing. See United States v. DuBay, 37 C.M.R. 411, 1967 WL 4276 (C.M.A.1967). Whether counsel’s performance is ineffective is measured by the Supreme Court’s standards promulgated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and its ever growing progeny. The first and foremost teaching of Strickland is that counsel’s competency is presumed, and appellant has the substantial burden of rebutting that presumption. When testing for whether an appellant has carried this burden, this Court resolves three basic questions, which are:
(1) are appellant’s allegations true and, if so, is there a reasonable explanation for counsel’s actions in the defense of the case? (2) If true, did the level of advocacy fall measurably below the performance ordinarily expected of fallible lawyers? and (3) If ineffective assistance of counsel is found to exist, is there a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt regarding guilt?
United States v. Polk, 32 M.J. 150, 153 (C.M.A.1991); accord United States v. Lonetree, 35 M.J. 396, 412-13 (C.M.A.1992); United States v. Scott, 24 M.J. 186, 188 (C.M.A.1987).
In the instant case, neither appellant nor his civilian appellate defense counsel assert any specific failing, shortcoming, or misrepresentation by trial defense counsel. *873 Nonetheless, civilian appellate defense counsel requests a post-trial hearing to answer a series of questions which strike this Court as musings rather than specific assertions of deficient performance. As this and our superior Court have held previously, trial defense counsel’s tactics will not be second-guessed on appeal. United States v. Morgan, 37 M.J. 407 (C.M.A.1993); United States v. Stephenson, 33 M.J. 79 (C.M.A.1991); United States v. Rivas, 3 M.J. 282, 289 (C.M.A.1977).
Based on appellant’s offerings, we hold that appellant has not even keyed the Polk test. Questions such as: why wasn’t Lt Col M challenged peremptorily?; Why didn’t trial defense counsel “push the government to start appellant’s trial before the effective date of [Mil.R.Evid. 414]?”; and, why weren’t photographs taken of the “glove box in the van?,” strike this Court as no more than an indication of how appellate defense counsel, with the not insubstantial advantage of hindsight, may have tried the case. Questions such as those set forth do not raise any factual issue for a post-trial hearing to address, see United States v. Ginn, 47 M.J. 236 (1997), being as they address the realm of tactical decisions.
Therefore, in the absence of a colorable claim of inadequate preparation by trial defense counsel or appellant’s non-acquiescence in trial defense counsel’s tactics, the issue of ineffectiveness simply is not raised. See United States v. Duffey, 37 M.J. 511, 516 (A.F.C.M.R.1993).
VII. Sentence Severity
Appellant asserts that his sentence is inappropriately severe. We disagree. This Court’s statutory mandate directs that we approve only so much of a sentence as found to be correct and appropriate. Article 66(c), UCMJ, 10 U.S.C. § 866(c). Performance of this function, however, does not entail granting clemency. United States v. Healy, 26 M.J. 394, 395-96 (C.M.A.1988). The primary manner of discharging this Court’s statutory duty on sentence is to give individualized consideration to appellant, including the nature and seriousness of the offenses and the character of appellant’s service. United States v. Snelling, 14 M.J. 267 (C.M.A.1982). Applying these factors, we do not find appellant’s sentence to be inappropriately severe. Further, the record convinces us that the members sentenced appellant solely for the offenses of which he was convicted. Article 66(c), UCMJ, 10 U.S.C. § 866(c).
VIII. Other Issues
The military judge did not abuse her discretion in denying the challenge for cause of Lt Col M. The record amply supports the military judge’s determination of Lt Col M’s credibility based on his demeanor and responses. Further, we conclude that a reasonable person hearing Lt Col M’s responses would not have a perception of unfairness as a result of his sitting as a court member. See United States v. Youngblood, 47 M.J. 338 (1997) and cases cited therein.
We agree with appellate government counsel that appellant waived any issue with respect to his confession. Trial defense counsel did not interpose any objection to appellant’s confession, his attack on the legality of the search of appellant’s residence notwithstanding. Mil.R.Evid. 103(a)(1). Further, our review of the record discloses no plain error. It is especially noteworthy that SA B, not appellant, terminated his only interview of appellant due to the lateness of the hour. Therefore, appellant forfeited any issue regarding his confession. Mil.R.Evid. 103(d); United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); United States v. Fisher, 21 M.J. 327, 328-9 (C.M.A.1986); see also United States v. Tarleton, 47 M.J. 170, 172 (1997).
Appellant also asserts for the first time that the military judge erred when instructing the members on the conduct unbecoming an officer and a gentleman offense. This offense was based on the inadvertent discovery of numerous photographs and magazines at appellant’s work station in his desk. Most of the photographs were of partially clad sunbathers. Some, however, were photographs of male genitalia, including one of appellant, and female genitalia. The magazines depicted nude children, apparently at a nudist colony. Trial defense counsel requested an expansion of the instruction, which was refused, but did not interpose any *874 objection to the instruction given. Our review discloses no error. In view of the nature of the photographs and magazines, and the fact they were inadvertently discovered in appellant’s government desk, the instructions were entirely proper. See United States v. Shober, 26 M.J. 501 (A.F.C.M.R.1986). Further, the instruction contained every point trial defense counsel desired covered. This assertion is without merit. Rules For Courts-Martial 905(e), 920(f), Manual for Courts-Martial, United States (1995 ed.); see also United States v. Maxwell, 45 M.J. 406 (1996).
IX. Decretal
The automatic collection of forfeitures not included in the sentence of the court-martial pursuant to Article 58b, UCMJ, are declared to be without legal effect. Any such forfeitures already collected from appellant will be restored at the appropriate pay grade. The record of trial is returned to The Judge Advocate General for appropriate action. The case need not be returned to this Court following administrative correction unless further appellate review is required.
Accordingly, the findings and sentence are correct in law and fact, and are hereby
AFFIRMED.
Senior Judge YOUNG and Judge SENANDER concur.