SULLIVAN, Judge
(concurring in the result):
I write separately because I believe the military magistrate had probable cause to issue a warrant for extraction of appellant’s blood. As the majority recognizes, the duty of an appellate court in such cases is to determine whether the magistrate issuing the warrant had a substantial basis for finding that probable cause existed. See United States v. Monroe, 52 MJ 326, 331 (2000); see generally Illinois n Gates, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
*423 Here, the affidavit of SA Voos, along with his answers to the magistrate’s questions, established the following historical facts amounting to substantial evidence of probable cause. A tall, slender, black male, wearing BDUs, with no LBE or protective head gear, was seen running from the scene of the assault. Immediately after the crime, appellant, a black male who is 68” in height, was noted missing from his duty station. When appellant returned to his duty station sometime thereafter, he appeared sweaty, nervous, and fidgety. He was dressed in BDUs, with no LBE or protective headgear. Later that day, appellant asked what punishment would apply to the perpetrator under the UCMJ.
During the investigation, a lieutenant reported that he had been awakened on the night in question by the noise of someone tripping over a rope or stake on his tent. When he looked outside, he saw a dark-skinned male in BDUs getting up from the ground. In addition, one of appellant’s coworkers reported that appellant had become more nervous and introverted since the incident. Moreover, a Major reported that appellant’s right palm appeared red and dry.
These facts are sufficient to prove that a substantial basis existed for the magistrate’s finding of probable cause. As this Court stated in Monroe, “A deferential standard of review is appropriate to further the Fourth Amendment’s strong preference for searches conducted pursuant to a warrant.... [Cjlose calls will be resolved in favor of sustaining the magistrate’s decision.” 52 MJ at 331 (citations omitted); cf. Ornelas v. United States, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996) (applying more heightened scrutiny to warrantless searches).
Even if I did not believe that the magistrate in this case had probable cause to issue the warrant, I would agree with the majority that the good-faith exception to the probable cause requirement would render admissible the evidence seized as a result of the search. See United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405 (1984); Massachusetts v. Sheppard, 468 U.S. 981, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984); see also Mil.R.Evid. 311(b)(3). However, the majority’s tortured construction of Mil.R.Evjd. 311(b)(3) is, in my view, unsupported by the language of that provision. In fact, almost ten years ago, Judge Wiss noted the very problem facing the majority in this case in United States v. Lopez, 35 MJ 35, 50 n. * (CMA 1992) (Wiss, J., concurring in the result):
For instance, Mil.R.Evid. 311(b)(3)(B) requires that, as part of the good-faith exception, it must be found that “[t]he individual issuing the authorization or warrant had a substantial basis for determining the existence of probable cause.” I can find no basis at all for this in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Moreover, under the majority opinion in United States v. Figueroa, 35 MJ 54 (CMA 1992), which I do not fully join, once it can be found on review that the authorizing official had a substantial basis for the belief that probable cause existed, then the finding of probable cause is affirmed, and usually the good-faith reliance on that finding would not then be in issue.
Judge Cox, writing in Lopez, Id. at 45—46 n. 3, suggested an answer to this problem:
As I read Mil.R.Evid. 313 (“Inspections and inventories in the armed forces”); 314 (“Searches not requiring probable cause”); and 315 (“Probable cause searches”), they are only mirages anyway — traps for the unwary. Indeed Mil.R.Evid. 314(k) itself contains the exception that swallows these “rules,” stating: “A search of a type not otherwise included in this rule and not requiring probable cause under Mil. R.Evid. 315 may be conducted when permissible under the Constitution of the United States as applied to members of the armed forces.”
In other words, unless we are to ignore plain meaning, if the “search” does not make it as a Mil.R.Evid. 313 “inspection,” or as a Mil.R.Evid. 315 “probable cause search,” or as one of the recognized exceptions listed under Mil.R.Evid. 314, the results of the search are still admissible if the search was constitutional. Thus, the results of constitutional searches are not *424 subject to exclusion under the Military Rules of Evidence. Neither, it goes without saying, can the Rules cause evidence to be admitted in a court-martial if the Constitution forbids it. Hence, Mil.R.Evid. 313-15 are not “rules” at all, but at best a restatement of the rules; the rule is the Constitution. I certainly agree that servicemembers, commanders, military police, and military justice practitioners should have up-to-date materials on constitutional law. However, I suggest it is time to deManualize these provisions because people keep trying to “apply” them, thinking they are rules.
I believe that this Court adopted this approach sub silentio in Monroe when we simply followed Leon. Consistent -with this precedent, I would continue to follow Monroe and Leon.