*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

**UNITED STATES**
Appellee

**v.**

**Jared D. BAVENDER, Staff Sergeant**
United States Air Force, Appellant

**No. 20-0019**
Crim. App. No. 39390

Argued October 27, 2020—Decided February 2, 2021

Military Judge: Brian D. Teter

For Appellant: *Major Benjamin H. DeYoung* (argued); *Lieutenant Colonel Todd J. Fanniff* and *Major Mark J. Schwartz.*

For Appellee: *Major Dayle P. Percle* (argued); *Colonel Shaun S. Speranza*, *Lieutenant Colonel Brian C. Mason*, *Captain Peter F. Kellett, and Mary Ellen Payne*, Esq. (on brief).

Judge OHLSON delivered the opinion of the Court, in which Chief Judge STUCKY, Judge SPARKS, and Senior Judge EFFRON, joined. Judge MAGGS filed a separate opinion concurring in part and concurring in the judgment.

————————

Judge OHLSON delivered the opinion of the Court.

This case involves the strange tale of Appellant, a self-proclaimed pornography addict and "hebephile."[1] In August 2016, while assigned to Buckley Air Force Base, Colorado, Appellant attended a weekend motivational seminar where participants were exhorted to live a life of "integrity." In the midst of this seminar, Appellant decided to confess to "illegal acts," and he informed his first sergeant in a telephone conversation that he had "not lived a life of integrity and … [had] viewed child pornography." Upon arriving at the seminar, Appellant's first sergeant witnessed Appellant get on stage in front of approximately 100 to 150 people and announce that

———————

[1] Appellant indicated that a "hebephile" is an adult who is primarily sexually attracted to pubescent girls between the ages of thirteen and seventeen.

his first sergeant was there to help Appellant "take care of some illegal acts and some of the illegal things" that Appellant had done. The audience applauded.

Upon being voluntarily transported to the Air Force Office of Special Investigations (AFOSI) by his first sergeant, Appellant made a number of incriminating statements in the course of a lengthy and amicable interview. For example, Appellant told AFOSI agents that he had downloaded at least thirty images from the internet despite the fact that he "knew without a shadow of a doubt that this was underage porn." Appellant also provided a written confession in which he admitted to viewing "illegal" pornography, "illegal child porn," and "child pornography … on nudist websites." At the end of this confession, Appellant declared: "For the first time in my life I am truly free."

In the course of this interview, Appellant provided express consent for the AFOSI agents to seize and search all of his personal electronic devices that could store and hold digital media. Pursuant to Appellant's consent, AFOSI seized a number of electronic devices from Appellant's home. Before computer experts could conduct a forensic search of Appellant's digital media, however, Appellant conferred with defense counsel and revoked his consent.

An AFOSI agent then sought and obtained a search authorization from a military magistrate. In the affidavit, the agent stated that Appellant had admitted to viewing and storing "child pornography." After a subsequent analysis of the contents of Appellant's electronic devices, Appellant was charged with and convicted of receiving and viewing child pornography.

At trial and on appeal, Appellant has argued that "the search was not supported by probable cause." The gravamen of Appellant's argument is that "[t]he AFOSI agents latched onto the [child pornography] label … [and improperly] ignored the substantive descriptions [Appellant] gave" to AFOSI indicating that all of the images he had viewed and downloaded of naked underage children were merely lawful photos taken from nudist websites. Thus, Appellant avers, if the agents had included in the search authorization affidavit

these omitted portions of his interview, there would have been no probable cause to seize and search his electronic devices.[2]

We are wholly unpersuaded by Appellant's line of reasoning. Accordingly, for the reasons outlined below, we hold that the military judge did not err when he denied the defense motion to suppress the child pornography images located on Appellant's digital media.

## I. Background

A panel of officer members sitting as a general court-martial convicted Appellant, contrary to his pleas, of one specification each of receiving and viewing child pornography on divers occasions in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2012). Appellant was also convicted, pursuant to his pleas, of one specification of violating a general regulation by searching for and viewing pornography on a government computer on divers occasions in violation of Article 92, UCMJ, 10 U.S.C. § 892 (2012).[3] Appellant's adjudged and approved sentence consisted of a dishonorable discharge, confinement for three years, and a reduction to E-1. The United States Air Force Court of Criminal Appeals (CCA) affirmed the findings and sentence. *Bavender*, 2019 CCA LEXIS 340, at *69, 2019 WL 4013381, at *24. We granted review to determine whether the evidence of child pornography found on Appellant's electronic devices should be suppressed.[4]

---

[2] The military judge denied the defense motion to suppress because the search authorization affidavit "standing alone, provided sufficient evidence" to conclude that evidence of possessing and receiving child pornography would be found on the digital media. He "made no findings of fact or conclusions of law in response to Appellant's argument that omissions in [AFOSI's] affidavit were material to the magistrate's probable cause determination." *United States v. Bavender*, No. ACM 39390, 2019 CCA LEXIS 340, at *10, 2019 WL 4013381, at *4 (A.F. Ct. Crim. App. Aug. 23, 2019). The lower court addressed this issue and concluded that AFOSI did not attempt to mislead the military magistrate, that AFOSI did not deliberately or recklessly omit information, and that the omissions did not extinguish probable cause. *Id.* at *10–15, 2019 WL 4013381, at *4–5.

[3] Appellant also confessed to AFOSI about this misconduct.

[4] The granted issue asks "[w]hether the military judge erred when he denied the defense motion to suppress evidence located on

## II. Standard of Review

Our review of a military judge's suppression ruling is for an abuse of discretion. *See United States v. Eugene*, 78 M.J. 132, 134 (C.A.A.F. 2018). We review the military judge's fact-finding for clear error, and we conduct a de novo review of legal conclusions. *United States v. Leedy*, 65 M.J. 208, 212–13 (C.A.A.F. 2007). The evidence is viewed in a light most favorable to the prevailing party at trial—the Government in this case. *Id.* at 213.

## III. Analysis

Appellant argues that the military judge abused his discretion in denying the defense's suppression motion because the AFOSI agents included in the affidavit intentionally or recklessly false statements, and/or because the AFOSI agents intentionally or recklessly omitted material information from the affidavit.[5] Because the Government argues that the defense waived both of these arguments, we must first address this issue.

## A. Waiver

The Government argues that "any argument that [the AFOSI] affidavit was intentionally false or made with a reckless disregard for the truth was waived" under Military Rule of Evidence (M.R.E.) 311(d)(2)(A).[6] Brief for Appellee at 10–

---

Appellant's digital media." *United States v. Bavender*, 79 M.J. 428 (C.A.A.F. 2020) (order granting review).

[5] The parties also dispute whether the affidavit on its face provided the military magistrate with a substantial basis for finding probable cause. As discussed *infra* in Part III.B.2.b, we conclude that the information presented in the AFOSI affidavit provided probable cause to search Appellant's electronic media. The military judge therefore did not abuse his discretion when he determined that the affidavit "standing alone, provided sufficient evidence" to establish that child pornography would be found on Appellant's digital media.

[6] This rule provides:

> [After the Government has disclosed evidence seized from an accused,] the defense must make any motion to suppress … prior to submission of a plea. In the absence of such motion …, the defense may

11, *United States v. Bavender*, No. 20-0019 (C.A.A.F. Mar. 23, 2020). In evaluating this issue we note that "arguments for suppression of evidence under M.R.E. 311 that are not made at trial are waived." *United States v. Perkins*, 78 M.J. 381, 390 (C.A.A.F. 2019). Further, the defense in each case "must make a 'particularized objection' to the admission of evidence [to give the government the opportunity to present relevant evidence on the objection], otherwise the issue is waived and may not be raised on appeal." *Id.* (quoting *United States v. Stringer*, 37 M.J. 120, 125 (C.M.A. 1993); *United States v. Robinson,* 77 M.J. 303, 307 n.6 (C.A.A.F. 2018)).

In the instant case we agree with the Government and conclude that Appellant waived the portion of his argument that AFOSI knowingly or recklessly misrepresented Appellant's statements. At trial, the defense never argued that the affidavit contained intentionally false information or that the affidavit used the term "child pornography" in reckless disregard for the truth. Nor was this theory inherent in the defense argument. Thus, Appellant waived this argument by failing to raise it at trial.[7]

We reach a different conclusion, however, with respect to whether the defense waived the argument that AFOSI intentionally or recklessly omitted material facts from the search authorization affidavit. Both in its written motion to suppress and orally during its Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2012), arguments, the defense clearly argued that there were material omissions in the affidavit. For example, trial defense counsel took the position at the Article 39(a), UCMJ, session that "so many of the substantive descriptions that [Appellant] gave that didn't support a finding of probable cause *were not put in that affidavit*." (Emphasis added.) This position was

---

not raise the issue at a later time except as permitted by the military judge for good cause shown. Failure to so move … constitutes a waiver of the motion ….

M.R.E. 311(d)(2)(A).

[7] We observe that even if Appellant had not waived this argument, he has not demonstrated that AFOSI intentionally or recklessly misrepresented information by using the term "child pornography" in its affidavit. *See infra* Part III.B.2.b.

again reflected by this exchange between the military judge and defense counsel:

> MJ: Okay. Ultimately, it's the defense's position that those facts should have been presented to the magistrate because those essentially negate what the government was presenting to the magistrate in the first place?
>
> DC: Yes, sir.

Under these circumstances, we conclude that Appellant has preserved his argument that AFOSI made intentional or reckless omissions in the search affidavit presented to the military magistrate. *See United States v. Blackburn*, 80 M.J. 205, 210 (C.A.A.F. 2020); *Perkins*, 78 M.J. at 390. Therefore, we now turn our attention to an analysis of the granted issue in this case.

**B. Omissions**

**1. Parties' Arguments and Record Evidence**

Appellant challenges the AFOSI affidavit on three grounds: (1) AFOSI omitted from the affidavit detailed descriptions of the images which the Government deemed "child pornography," thereby precluding the military magistrate from making an independent determination about the illicit nature of those images; (2) AFOSI knowingly or recklessly omitted from the affidavit passages contained in Appellant's AFOSI interview in which he described legal images of minors in natural, nonsexual poses and settings; and (3) the affidavit would have provided a different impression of Appellant's admissions and would not have supported probable cause had AFOSI included these omissions.

Appellant's position is supported by the omission from the affidavit of the following statements he made during his AFOSI interview:

(1) "The only thing I could ever find was just the nudist websites with the pictures, and it was really just people standing there, just posing for a picture as if they had clothes on." Appellant stated that the nudity in these pictures "meant something different [to those pictured] than it meant to" him. "It didn't mean something sexual and pornographic to them."

(2) Appellant claimed that he simply searched Google images and went "to a website from there" rather than accessing the dark web.

(3) Appellant explained that he mostly ("99.9 percent") went to "websites … for legal teenage pornography for 18- and 19-year-olds."

(4) In regard to two images he saved to his computer, Appellant said that it was "possible that the two images … could have been legal porn." One image was of a "girl just standing at the beach." This image was one of his "favorites" and "was more of a nudist shot."

In response to Appellant's arguments, the Government asserts that (1) AFOSI was not required to provide descriptions of all of the images where other information in the affidavit demonstrated that Appellant had viewed child pornography, (2) AFOSI did not intentionally or recklessly omit information, and (3) any omitted information did not invalidate probable cause. The following information that AFOSI included in the affidavit supports the Government's position:

(1) Appellant "began viewing child pornography[8] approximately five years ago in 2011" and "he viewed child pornography approximately four to five times per year." Most recently, "he went on a six-day 'binge' " and viewed pornography on his cell phone. Since 2011, Appellant estimated viewing "approximately 100–150 images of child pornography and downloaded approximately 30–40 images." He saved this material on his cell phone, laptop, and thumb drive but deleted the material "because he felt bad about it."

(2) "He located pictures of underage girls on nudist websites and masturbated to them and ejaculated." To find these images, Appellant "would use search terms such as 'teenage porn,' 'young teenage porn,' and 'young nude girls.' "

---

[8] As noted above, Appellant waived the issue of whether AFOSI's use of the term "child pornography" in the affidavit constituted a knowing or reckless misrepresentation of Appellant's statements. Therefore, this characterization of the pornography viewed by Appellant may appropriately be considered in the context of this analysis.

(3) He "preferred viewing females aged 13–17, although he had also viewed younger children." Appellant knew that the females were young based on their height or "little to no breast development and no pubic hair."

(4) He "was sexually interested in his 13-year-old female neighbor"—he masturbated while watching her—but he denied touching her inappropriately.

(5) Appellant "explicitly stated that he had viewed and stored child pornography on several pieces of seized electronics."

The Government's arguments are also supported by the following information contained in Appellant's lengthy interview with, and written confession to, AFOSI:

(1) Appellant noted that he had been in treatment for a pornography addiction for seven years, to include a two-month stint for in-patient care.

(2) Appellant stated that while some of his behavior was "not illegal, some of the pornography that I have viewed has been illegal." He also differentiated between his viewing of pornography on government computers from his viewing of "child porn."

(3) Appellant used the phrase " 'Coolidge effect' " to describe his interest in images of younger and younger girls. He explained that this term meant that an individual does not "get the same high off of looking at the same images," which caused him to start "looking for younger and younger stuff."

(4) Appellant described his evolution of looking at "younger and younger and younger porn" that ultimately resulted in him "finding one" image that led him to conclude, " 'Holy shit. That's not legal.' " Despite this assessment, he "ended up clicking on [the link] and seeing what" the website was and then "it basically was a matter of time before [he] was actually going to that website to see what else was there."

(5) Appellant claimed that he deleted "[a]ny illegal porn [that he downloaded] … within a day or two."

(6) Appellant admitted that during his most recent "binge" two weeks before the interview, he was looking at "legal stuff, illegal stuff" every day.

## 2. Discussion

For the reasons provided below, we conclude that the military judge did not abuse his discretion in denying the defense motion to suppress evidence.

### a. Omission of Descriptions of Images

The AFOSI agent did not err when she omitted from the affidavit Appellant's detailed descriptions of the images he had viewed. We first generally note that government agents are not required to provide all relevant information in seeking a search authorization. *See United States v. Colkley*, 899 F.2d 297, 303 (4th Cir. 1990). Further, we have previously stated: "The Supreme Court has 'never held that a magistrate must personally view allegedly obscene [material] prior to issuing a warrant authorizing [its] seizure.'" *United States v. Monroe*, 52 M.J. 326, 31–32 (C.A.A.F. 2000) (quoting *New York v. P.J. Video, Inc.*, 475 U.S. 868, 874 n.5 (1986)). Instead, it is adequate if the affidavit "provide[s] sufficient information [for the search authority] to make an independent determination under the totality of the circumstances." *Id*. at 332. Based on the facts cited in the next section of this opinion, we conclude that in the instant case the information contained in the affidavit was sufficient for the military magistrate to conclude that the images at issue were indeed child pornography.

### b. Probable Cause

The material presented to the military magistrate established probable cause to search Appellant's electronic media for child pornography. First, the AFOSI affidavit stated that Appellant had "provided a signed, sworn statement and verbally relayed" that he "began viewing child pornography approximately five years ago in 2011" and that "he viewed child pornography approximately four to five times per year," including two weeks prior to the AFOSI interview. Appellant admitted in his written confession to viewing "child pornography," and he admitted in his oral confession to having a pornography habit that involved "illegal forms" and to downloading "illegal porn." Moreover, Appellant told AFOSI that in one instance he found an image that led him to conclude, " 'Holy shit. That's not legal,' " and in another instance he "knew without a shadow of a doubt that this was underage porn." Because of Appellant's

significant familiarity with pornography, the AFOSI agent who prepared the affidavit was entitled to give great weight to Appellant's characterizations of the type of pornography he viewed as child pornography and supported the AFOSI affidavit's use of the phrase "child pornography."

Further, there were other indications in the affidavit that some of the images viewed by Appellant were child pornography. Appellant conceded that he preferred to view images of girls between the ages of thirteen and seventeen years of age, and he admitted that in looking for those types of images on his computer he used search terms like "young teenage porn." And, demonstrating that his search efforts were successful, Appellant admitted that in some of the images he obtained "he could tell the females [in the images] were young" based on their size and their body development. Therefore, there was an ample factual foundation for the military magistrate to conclude that the images were indeed child pornography.

And importantly, the AFOSI affidavit linked this contraband to Appellant's electronic devices. The affidavit stated that Appellant admitted to downloading child pornography onto his computer, thumb drive, and cell phone, and then deleting those images from his electronic devices within weeks of his AFOSI interview. It also included the AFOSI agent's statement that in her experience individuals save and store these images. Thus, the AFOSI affidavit contained "a sufficient nexus … between the alleged crime and the specific item[s] to be seized" and searched. *United State v. Nieto*, 76 M.J. 101, 106 (C.A.A.F. 2017). We therefore conclude that using a "practical, common-sense" view of all of these circumstances, the affidavit provided "a fair probability" that child pornography would be found on Appellant's electronic devices. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

### c. Intentional or Reckless Omissions

We next conclude that even if we were to assume that AFOSI intentionally or recklessly omitted information from its affidavit, the omissions identified by Appellant do not defeat probable cause.[9] *See United States v. Garcia*, __ M.J. __,

---

[9] The separate opinion describes this approach "as somewhat illogical." *United States v. Bavender*, __ M.J. __, __ (4) n.1 (C.A.A.F. 2021) (Maggs, J., concurring in part and in the judgment). However,

__ (11–12) (C.A.A.F. 2020). First, the AFOSI affidavit actually covered some of the information that Appellant claims was omitted. For instance, the affidavit stated that Appellant "located pictures of underage girls *on nudist websites*." (Emphasis added.)

Second, two of the images described by Appellant in his interview but not included by AFOSI in the affidavit—an image of a teenage girl looking at a young boy's pubic region and an image of a "girl on [a] bed … holding her chest and kind of looking down on it"—buttress the probable cause determination. Appellant described the first image as "sexual," and he agreed the second was "pornographic." Thus, Appellant's own statements support the likelihood of the contraband nature of the images.

Third, although AFOSI omitted from the affidavit Appellant's claim that only hackers could find images of underage sexual acts, the materiality of this omission is undermined by the fact that Appellant also informed AFOSI that he could not be "100 percent" sure whether videos from one of his "favorite" websites depicted underage girls engaging in sexual acts.

Finally, "probable cause does not require" that the "innocent explanation for suspicious facts" be ruled out; rather, the relevant question is " 'the degree of suspicion that attaches to particular types of noncriminal acts.' " *District of Columbia v. Wesby*, 138 S. Ct. 577, 588 (2018) (citation omitted). The circumstances surrounding the purported "innocent" acts now cited by Appellant still cast suspicion on the actual legality of his conduct.

For these reasons, we conclude that the "hypothetical inclusion [of the purported intentional or reckless omissions in the AFOSI affidavit] would [not] have prevented a finding of probable cause." *Mason*, 59 M.J. at 422.

in the recent case of *Garcia*, __ M.J. at __ (9), we also assumed without deciding that the government intentionally and recklessly omitted information from the search authorization affidavit and then proceeded to the "central question" of whether this omitted information would have extinguished probable cause. *See also United States v. Mason*, 59 M.J. 416, 422–23 (C.A.A.F. 2004); *United States v. Figueroa*, 35 M.J. 54, 57 (C.M.A. 1992). The author of the separate opinion joined in this approach in *Garcia*.

**IV. Judgment**

We affirm the decision of the United States Air Force Court of Criminal Appeals.

Judge MAGGS, concurring in part and concurring in the judgment.

I join all of the Court's opinion except for the portion of Part III.A in which the Court concludes that Appellant preserved his argument for suppression of evidence under Military Rule of Evidence (M.R.E.) 311(d)(4)(B). In my view, Appellant waived this argument by not making a particularized objection under this rule at trial. But I also agree with an alternate holding that, even if Appellant had preserved the argument, the argument lacks merit. I therefore concur in the Court's judgment affirming the decision of the United States Air Force Court of Criminal Appeals (AFCCA).

## I. Waiver

M.R.E. 311(d)(2)(A) provides that an accused must move to suppress evidence obtained pursuant to a search authorization before the entry of pleas and that "[f]ailure to so move or object constitutes a waiver of the motion or objection." We have interpreted this rule to require a "particularized objection" to admission of the evidence. *United States v. Robinson*, 77 M.J. 303, 307 n.6 (C.A.A.F. 2018) (internal quotation marks omitted) (quoting *United States v. Stringer*, 37 M.J. 120, 125 (C.M.A. 1993)). Our precedents do not require the trial defense counsel to use "talismanic words" in making a particularized objection. *United States v. Blackburn*, 80 M.J. 205, 210 (C.A.A.F. 2020). But a combination of the trial defense counsel's "arguments in the written motion and at the hearing" and the military judge's understanding of those arguments must show that the objection was sufficiently clear that the Government was "not deprived of the opportunity to respond." *Id.* For example, in *United States v. Perkins,* this Court recently held that the appellant had waived his argument that the magistrate "rubber-stamped" the application for a search authorization because the appellant raised this argument for the first time on appeal. 78 M.J. 381, 389–90 (C.A.A.F. 2019) (internal quotation marks omitted) (citation omitted).

M.R.E. 311(d)(4) concerns defense challenges to evidence seized pursuant to a search authorization on the ground that the authorization was not based upon probable cause. When considering such a challenge, the military judge generally

may consider only "the information actually presented to or otherwise known by the authorizing officer." M.R.E. 311(d)(4)(A). But M.R.E. 311(d)(4)(B) contains the following exception for defenses based on false statements:

> If the defense makes a substantial preliminary showing that a government agent included a false statement knowingly and intentionally or with reckless disregard for the truth in the information presented to the authorizing officer, and if the allegedly false statement is necessary to the finding of probable cause, the defense, upon request, is entitled to a hearing. At the hearing, the defense has the burden of establishing by a preponderance of the evidence the allegation of knowing and intentional falsity or reckless disregard for the truth. If the defense meets its burden, the prosecution has the burden of proving by a preponderance of the evidence, with the false information set aside, that the remaining information presented to the authorizing officer is sufficient to establish probable cause. If the prosecution does not meet its burden, the objection or motion must be granted unless the search is otherwise lawful under these rules.

In other words, if the accused makes a substantial preliminary showing that a false statement was knowingly or recklessly included when applying for a search authorization and that that false statement was necessary for a finding of probable cause, then the search authorization is invalid if (1) the accused then proves that the government agent did indeed knowingly or recklessly include that false information, and (2) the government fails to prove that the false information in the false statement was immaterial to the probable cause determination.

In this appeal, trial defense counsel argues that evidence obtained during a search should be excluded under M.R.E. 311(d)(4)(B) because an Air Force Office of Special Investigations (AFOSI) agent recklessly or intentionally made false statements or omissions in an affidavit when requesting a search authorization. Appellant, however, did not preserve this objection at trial by making a "particularized objection" as this Court has explained this requirement in *Blackburn*, *Perkins*, and other precedents. A review of the record reveals

that Appellant's trial defense counsel did not cite, quote, or paraphrase M.R.E. 311(d)(4)(B) in either the written suppression motion that he filed in this case or during the oral argument on the motion. The trial defense counsel also did not address the essential elements of M.R.E. 311(d)(4)(B), such as whether the AFOSI agent made any "false statement." This goes far beyond merely failing to use talismanic words in raising an objection. The trial defense counsel simply did not raise the particularized objection that Appellant now asks us to consider on appeal.

Instead, in arguing that probable cause did not exist, the trial defense counsel asserted that the AFOSI agent who sought the search authority did not disclose certain statements that Appellant made about his misconduct. These statements, in Appellant's view, showed that Appellant misunderstood the definition of child pornography when he confessed to possessing illegal photographs. In the trial defense counsel's words, "many of the substantive descriptions [of images] that Staff Sergeant Bavender gave that didn't support a finding of probable cause were not put in that affidavit." But as the AFCCA correctly observed, the trial defense counsel "did not confront [the AFOSI agent] at the suppression hearing with the claim that the omission of this information was intentional or reckless, and no evidence was presented that it was, other than what one might infer from the omissions themselves." *United States v. Bavender*, No. ACM 39390, 2019 CCA LEXIS 340, at *10, 2019 WL 4013381, at *4 (A.F. Ct. Crim. App. Aug. 23, 2019).

The absence of a particularized objection under M.R.E. 311(d)(4)(B) at trial had consequences. If the trial defense counsel had made the specific objection that Appellant now makes before this Court, the military judge would have required both parties to present evidence about whether omission of the statements in question was intentional or reckless. *See* M.R.E. 311(d)(4)(B) (entitling the defense to a hearing in order to establish as a fact intentionality or recklessness). But it is precisely because a particularized objection was not made that the Government did not attempt to rebut an allegation of recklessness with "relevant evidence that might be reviewed on appeal." *Perkins*, 78 M.J. at 390. In addition, the

3

military judge would have considered the legal issue of whether omission of Appellant's statements in the affidavit constituted a "false statement" within the meaning of M.R.E. 311(d)(4)(B), an issue the Government strenuously disputes in its brief before this Court. And on these points, with the benefit of an adversarial process, the military judge would have made findings of fact and conclusions of law that this Court could now review. But none of this happened.

Indeed, because the trial defense counsel did not make a particularized objection under M.R.E. 311(d)(4)(B), the Court is constrained in deciding whether the objection has merit. The Court cannot decide the initial question of whether the trial defense counsel established the predicate for the objection under the rule (i.e., a "substantial preliminary showing that a government agent included a false statement knowingly and intentionally or with reckless disregard for the truth") because the military judge made no findings of fact or conclusions of law relevant to this predicate. Instead, the Court assumes without deciding that the AFOSI agent intentionally or recklessly omitted information from the affidavit so that the Court may consider whether the omitted information, if it had been included, would have defeated probable cause. I agree with the Court's conclusion that the objection lacks merit, but I believe that this Court should have terminated the legal analysis by accepting the Government's argument on the issue of waiver.[1]

---

[1] While this Court often decides cases by assuming without deciding that one element of a rule is met but then concluding another element is not, *see, e.g.*, *United States v. Garcia*, __ M.J. __, __ (9) (C.A.A.F. 2020), the specific assumption that the Court makes in this case strikes me as somewhat illogical. I have difficulty seeing how the Government could be "reckless" in omitting information in its application for a search authorization if the omitted information is not material to the question of whether probable cause exists. In *Garcia*, unlike in this case, the military judge found as a fact that the government agent was reckless. *Id.* This Court had to accept this fact unless it was clearly erroneous. To avoid addressing a contentious issue under this highly deferential standard of review, this Court chose to assume without deciding that this finding of fact was

## II. Conclusion

In sum, I would affirm the AFCCA on the ground that Appellant waived the argument for suppression that he now raises. However, I also agree with the alternate holding that the affidavit in question would have provided probable cause even if it had included all of the information that Appellant contends that it should have included.

---

not clearly erroneous and then ruled only on the issue of materiality. *Id.* In the present case, however, the Court goes considerably further by assuming recklessness even though the military judge made no finding of fact with respect to recklessness, even though no evidence in the record would support such a finding, and even though the AFCCA concluded that the government agent was not reckless. *United States v. Bavender*, __ M.J. __, __ n.2 (3 n.2) (C.A.A.F. 2021).